## RHIEL v INDUSTRIAL COMMISSION

Ohio Appeals, 5th Dist, Stark Co

No 1527. Decided Oct 11, 1935

C. F. Scanlon, Akron, and H. W. Petzinger, Canton, for plaintiff in error.

J. W. Bricker, Columbus, and R. R. Zurmehly, Columbus, for defendant in error.

## OPINION

By LEMERT, PJ.

The principal question to be decided herein is, did the plaintiff in error sustain an accidental injury which caused the hernia complained of?

The evidence discloses that this claimant was a motorman for the traction company; that he worked on the front end of the car and there is an electrical switch or cut out there, and the evidence further disclosed that this switch or cut out sometimes flew open, as shown by the claimant's own testimony. In answer to Questions No. 80 and 81, whenever there was a heavy charge or often on going down hill, the cut out would fly open and the motorman would have to reach up and throw it back. He

said: "Sometimes it doesn't cut out for you for a month and maybe in one trip it will cut out a dozen times. It just depends on the machine. You can't tell."

On the day in question in this case, after he had reached up one time to throw this switch in, he noticed a pain some time afterwards and then noticed a lump which later developed into a hernia.

There is no evidence in the record of any accident. There is no evidence that what he was doing would in any way cause a hernia. The term 'injury', as used in the Workmen's Compensation Law of Ohio, comprehends only such injuries as are accidental in their origin and cause. Throwing this switch was not an accident nor an accidental occurrence and nothing else of an accidental nature occurred in the course of this man's employment. This being true, the Supreme Court of Ohio, in 126 Oh St, 212 and 126 Oh St, 379, and 126 Oh St, 601, has held that a claimant under such facts and circumstances cannot recover.

It is to be further noted in this record that there is no evidence to indicate that what this man was doing would cause a hernia, and the Supreme Court, in 126 Oh St, at 508, held that where there was no evidence that the accident caused the death, the claimant could not recover.

The Common Pleas Court was right in directing a verdict in favor of the defendant. The judgment below will be and the same is hereby affirmed.

MONTGOMERY and SHERICK, JJ, concur.